IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEFFREY J. PETREY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 06 C 2913 |
| vs. ) | |
| ) | Magistrate Judge Sidney I. Schenkier |
| MICHAEL J. ASTRUE, Commissioner ) | |
| of the Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff has filed a motion seeking reimbursement of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (2000) (doc. # 36). Plaintiff contends that the Commissioner's denial of her claim for Disability Insurance (Title II) Benefits, which was remanded by a written memorandum opinion and order of this Court dated June 21, 2007 ("Mem. Op.") (doc. # 34), was not "substantially justified."

Plaintiff seeks a total award of attorney's fees in the amount of $5,547.82 (the sum of $5,095.78 requested in plaintiff's original EAJA petition and $452.04 fees incurred in filing the EAJA reply brief). For the reasons stated below, we grant the plaintiff's motion and award attorney's fees in the amount of $5,547.82.

I.

Under EAJA, a successful litigant against the federal government is entitled to recover attorney's fees where (1) she is a "prevailing party"; (2) the government's position was not "substantially justified"; (3) no "special circumstances" exist which would make the award unjust; and (4) she timely filed an application for fees. 28 U.S.C. § 2412(d)(1)(A),(B);

1

*Golembiewski v. Barnhart*, 382 F.3d 721, 723-24 (7th Cir. 2004). In the present case, the parties agree that the only issue is whether the Commissioner's position was "substantially justified." The Commissioner has the burden of proving that his position was substantially justified. *Id.* at 724.

The question of substantial justification in essence is one of reasonableness. *See, e.g., Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The Commissioner's position is substantially justified if it has a reasonable basis in law and fact, and there is a reasonable connection between the facts in the record and the legal theory adopted. *See Golembiewski*, 382 F.3d at 724. In other words, the position is substantially justified if a reasonable person could believe the position was correct, or if there is a genuine dispute. *Pierce*, 487 U.S. at 565.

Under EAJA, a court may award attorney's fees if either the Commissioner's pre-litigation conduct or her litigation position is not substantially justified, *Golembiewski*, 382 F.3d at 724. For this purpose, an Administrative Law Judge's ("ALJ") decision is treated as part of the Commissioner's pre-litigation conduct. *Id.* "While the parties' postures on individual matters may be more or less justified, the EAJA--like other fee shifting statutes--favors treating a case as an inclusive whole, rather than atomized line items." *Commissioner, INS v. Jean*, 496 U.S. 154, 161-62 (1990). Accordingly, this Court's duty is to make a global assessment of the Commissioner's conduct and make a single determination for the entire action. *United States v. Hallmark Const. Co.*, 200 F.3d 1076, 1081 (7th Cir. 2000).

The substantial justification standard is not equivalent to the "substantial evidence" standard used to evaluate an ALJ's decision on the merits of a disability claim. *Hallmark*, 200 F.3d at 1080 (citation omitted). Accordingly, a finding that the case should be remanded because the Commissioner's position was not supported by substantial evidence is not conclusive

2

evidence that fees should be awarded under the EAJA. *Id.* at 1079-80. Nonetheless, strong language against the Commissioner's position in an opinion on the merits is evidence in support of an award of fees. *Golembiewski*, 382 F.3d at 724. Conversely, a court decision suggesting a close case supports the denial of fees. *See, e.g., Cummings v. Sullivan*, 950 F.2d 492, 498 (7th Cir. 1991) (noting that "the closeness of the question is, in itself, evidence of substantial justification").

## II.

After careful review of the record and our underlying opinion on the merits, we conclude that the Commissioner has failed to carry his burden of proving that he was substantially justified in affirming the ALJ's determination. We set forth below the reasons for that conclusion, by reviewing the errors we identified in the underlying opinion.

### A.

The first error this Court found with the disability determination was that the ALJ did not provide adequate justification for rejecting the opinions of the plaintiff's treating physician, Dr. Slack (Mem. Op. at 16-19). While this Court noted that the ALJ was correct in finding that no controlling weight should be given to Dr. Slack's conclusions as to the ultimate issue of disability, the Court found that the ALJ's conclusory reasoning for rejecting Dr. Slack's other medical opinions was insufficient to justify its determination. For example, the ALJ refused to give controlling weight to these medical opinions because he found them to be: (1) inconsistent with the subsequent medical reports and opinions; (2) too conclusory; and (3) based more on the claimant's subjective assertions than on objective findings.

In our opinion, we determined that the record did not support those findings as the basis for disregarding Dr. Slack's medical opinions. *First*, this Court found that the ALJ's conclusion

that Dr. Slack's opinions were inconsistent with other medical opinions was not adequately supported by the record since there were no *material* discrepancies between Dr. Slack's opinion and the other medical evidence in the record (Mem. Op. at 17-18). While an examining physician's opinion may be rejected when the reasons for rejection are supported by substantial evidence in the record, the ALJ failed to point to the medical evidence necessary to justify rejection of the treating physician's opinions. *Second*, this Court found that Dr. Slack's opinions were no more conclusory than the physical and mental reports submitted by state examiners (*Id.*, at 18). In light of the fact that the ALJ accepted the latter reports, his dismissal of Dr. Slack's opinion by labeling them as conclusory was not supported by substantial evidence. *Third*, this Court concluded that requiring the treating physician to disregard subjective complaints would run contrary to the law (*Id.*, at 18-19).

The Commissioner argues that the ALJ's decision is substantially justified despite his failure to adequately articulate his findings (Def.'s Resp. at 3). We disagree. This is not a case where remand was based on a failure to minimally articulate the basis for denial of benefits. Rather, in this case, there not only was a lack of substantial evidence to support the ALJ's rejection of the treating physician's medical opinions, but the errors we identified were so significant that they robbed the ALJ's decision of substantial justification.

### B.

The second error this Court found with the Commissioner's disability determination was the ALJ's insufficient articulation of his reasons for rejecting evidence offered by Mr. Petrey in support of his alleged mental impairment (Mem. Op. at 19-20). The ALJ must provide a "logical bridge from the evidence to the conclusion" that allows the reviewing court a "glimpse into the reasoning behind [the] decision to deny benefits." *See, e.g., Zurawski v. Halter*, 245 F.3d at 889.

In this case, Mr. Petrey submitted medical evidence that he suffered from a mental impairment. The ALJ did not explain why medical evidence diagnosing Mr. Petrey with depression failed to indicate a severe impairment at Step 2. The ALJ similarly failed to consider that Mr. Petrey was assigned a score of 50 on his Social Occupational Functional Assessment ("SOFA") by a staff psychologist at the Rehabilitation Institute of Chicago. The VE had testified that a Global Assessment of Functioning ("GAF") score of 50 would render a person unemployable. The Court found that the ALJ erred in failing to determine the correlation, if any, between a SOFA score and a GAF score, because if the two are equivalent that would plainly bear heavily (if not determine) the question of disability (Mem. Op. at 21).[1]

Despite these noted failures, the Commissioner argues that the ALJ's decision is, nonetheless, substantially justified. We again disagree. Not only was there a failure by the ALJ to minimally articulate why he rejected the evidence of medical impairment, but we cannot discern in the record any evidentiary basis to do so. If there was such a basis, it was incumbent on the ALJ to explain it. Here, he failed to do so. Thus, we conclude that the ALJ was not substantially justified in rejecting evidence of this alleged impairment.

C.

A third error this Court found with the Commissioner's disability determination was that in arriving at his Step 5 conclusion that Mr. Petrey had the RFC to perform a substantial number of jobs, the ALJ failed to consider a significant limiting factor: Mr. Petrey's alleged need to miss more than four days of work each month (Mem. Op. at 20-21). During the hearing, a vocational expert ("VE") testified that there were no available jobs in the national economy for a person in

---

[1] Neither the parties nor the ALJ provided a definition for the SOFA scale. However, there are opinions in this Circuit addressing the relevance of the GAF scale. It appears that plaintiff uses both scales interchangeably. Both scales seem to measure an individual's social and occupational functioning. That said, if someone scores 50 on the GAF scale, he/she would be deemed to have severe impairments on their social and occupational functioning. *See Bartrom v. Apfel*, 234 F.3d 1272 (7th Cir. 2000).

Mr. Petrey's condition who might miss more than four days of work each month. The ALJ justified his decision to disregard this aspect of the VE's testimony by stating that there was no medical evidence which tended to indicate that Mr. Petrey would indeed miss more than four days of work each month. However, the Court found that the record showed that, whenever he would attempt to return to work, Mr. Petrey would "encounter difficulty after four days" (Mem. Op. at 21). Using rough calculations based on a 30-day month, the Court found this testimony indicated that Mr. Petrey would need to miss four or more days of work each month. Even though Mr. Petrey's testimony in this regard did not constitute "medical evidence," this Court found that the ALJ erred in offering no explanation why testimony of actual attempted work experience should be entirely disregarded. Because "[t]his failing was significant," we find that the Commissioner was not substantially justified in affirming the ALJ on this basis (Mem. Op. at 21).

### III.

As required by EAJA, 28 U.S.C. § 2412(d)(1)(B), plaintiff's counsel submitted an itemized statement of time expended on this case and hourly rates on which the total fee calculation was based. The Commissioner does not dispute the reasonableness of the time spent, hourly rates, or total fees requested. We similarly find the time spent to be reasonable, but review the appropriateness of the plaintiff's methodology and accuracy of her calculations to determine the final award amount.

Plaintiff's initial EAJA petition requested an award in the amount of $5,095.78 (Pl.'s Mot. at 3). Plaintiff's counsel subsequently submitted a supplemental request of $452.04, for 2.75 hours spent preparing the plaintiff's reply brief in this EAJA matter (Pl.'s Reply 4-5). Therefore, in sum, the plaintiff now seeks a total award of $5,547.82.

To calculate the total fee amount, plaintiff's counsel relied on the average base hourly rate allowed under the EAJA after it was adjusted for inflation based on changes in the Consumer Price Index ("CPI"). The hourly rate requested is $164.38. As mentioned above, the Commissioner does not challenge these rates or methodology. Similarly, we find no flaw in the approach and believe it fairly captures cost of living increases allowable under the EAJA. *See* 28 U.S.C. § 2412(d)(2)(A) (2000).

Therefore, to determine the final award amount, we apply the plaintiff's methodology to the itemized statement of work. We agree with the plaintiff that the sum in the itemized statement totals 31 hours. By our calculations, plaintiff's counsel is entitled to fees and costs of $5,095.78 for work performed prior to the reply in this EAJA action. Adding the supplemental request of $452.04, the total award comes to $5,547.82.

## **CONCLUSION**

For the reasons stated above, the Court grants the plaintiff's motion for attorney's fees (doc. # 36) pursuant to the EAJA, 28 U.S.C. § 2412, in the amount of $5,547.82.

**ENTER:**

**SIDNEY I. SCHENKIER**
**United States Magistrate Judge**

**DATED: November 28, 2007**